**BENNETT, BRICKLIN & SALTZBURG LLC**
ATTORNEYS AT LAW
40 WALL STREET | SUITE 1002
NEW YORK, NY 10005
PHONE: (212) 776-4925 | FAX: (212) 269-2160

**MEMO ENDORSED**

WWW.BBS-LAW.COM

DIRECT DIAL: (973) 888-2074
EMAIL: joseph.dedonato@bbs-law.com

September 2, 2021

The Honorable Kenneth M. Karas
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007
*VIA ECF*

RE: Joseph L. Smith v. Aramark Correctional Services, LLC et al.
Case No. 7:19-cv-01283

Dear Judge Karas:

This Office represents Aramark Correctional Services, LLC, Manuel Mendoza, Donna Blackman, Westchester County, Joseph K. Spano, Leandro Diaz, Eric Middleton, Francis Delgrosso and Karl Vollmer in the above referenced *pro se* action. We respectfully request that the Court deem Plaintiff to have abandoned the case pursuant to Federal Rule of Civil Procedure 41(b) and dismiss Plaintiff's Complaint with prejudice for the reasons set forth below.

*Pro se* Plaintiff, Mr. Smith filed the subject Complaint on February 8, 2019 and requested to proceed in Forma Pauperis on February 26, 2019. See Docket Entries # 1-3. Plaintiff, a pretrial detainee at Westchester County Jail, generally claims that his civil rights were violated under 42 U.S.C. § 1983 due to substandard food, which deprived him of nutrients and interfered with his diet. Plaintiff seeks compensatory damages in the amount of $300,000.00, punitive damages in the amount of $1 million.

Plaintiff claimed that he received meals "reeking of old food, undercooked meat and over cooked rice, spaghetti or noodles, minimal portions, molded bread/stale bread, served on meal trays that are covered in mold, as are the juice containers." See Docket Entry #1. Specifically, on September 5, 2018, Plaintiff's meal arrived on a meal tray "covered in black mold spots," "contained undercooked meat that was bloody internally," included "stale bread," and came with a juice container "covered in mold." See Id.

On July 18, 2019, our office filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). See Docket Entries #26-27. Plaintiff's opposition was due on August 18,

1

2019. Plaintiff failed to respond. On November 7, 2019, our Motion to Dismiss was granted and Plaintiff was order to file an amended complaint within 30 days, or his claims would be dismissed with prejudice. See Docket Entry #33. Plaintiff did not file an amended complaint. On December 17, 2019, plaintiff was ordered to show cause within 30 days. There was no response from Plaintiff. Therefore, on February 24, 2020, Plaintiff's case was dismissed with prejudice. See Docket Entry #35.

On March 30, 2020 Plaintiff filed an application to re-open the case because he had been arrested on October 25, 2019 and "re-incarcerated on a parole violation." See Docket Entry #36. On April 9, 2020 Plaintiff's application was granted and his amended complaint was due by May 8, 2020. The court noted in the Order "no extensions." See Docket Entry #37. Plaintiff has failed to file an amended complaint. On June 28, 2021, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute by no later than July 28, 2021. See Docket Entry #43.

To date, Plaintiff has not shown cause or contacted the Court. Per the Docket, Plaintiff's last communication with the Court was March 30, 2020, over one year and five months ago. See Docket Entry #36. Therefore, it is reasonable to infer that Plaintiff has abandoned the litigation and it is appropriate to dismiss Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b).

Here, it is appropriate for the Court to deem that Plaintiff Smith has abandoned this litigation. Courts of the Southern District of New York have deemed Plaintiffs to have abandoned litigation under similar circumstances. In Windley v. Westchester Cty., Plaintiff did not file a brief in opposition to Defendants' motion to dismiss and had not communicated with the Court in any way for one year and two months. No. 19-CV-04858 (PMH), 2021 U.S. Dist. LEXIS 15498, at *11 n.4 (S.D.N.Y. Jan. 26, 2021). Thus, the Court held that dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) was appropriate and dismissed the Complaint with prejudice. Id. See also Hutter v. Countrywide Bank, N.A., No. 09-CV-10092, 2017 U.S. Dist. LEXIS 3568, 2017 WL 108059, at *3 (S.D.N.Y. Jan. 9, 2017) ("[W]hen a plaintiff abandons or neglects a cause of action, it can be dismissed for want of prosecution." (citing Fed. R. Civ. P. 41(b))). Moreover, "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." Armstrong v. Guccione, 470 F.3d 89, 102 n.1 (2d Cir. 2006)(citations omitted).

Here, as mentioned above, Plaintiff has not contacted the Court since March 30, 2020, which is one year and two months ago, despite being sent multiple communications in this matter. See Docket Entries #37, 38, 39, 40, 41 and 43. Most recently, Plaintiff has failed to show cause as to why this matter should not be dismissed within the deadline set by the Court on July 28, 2021.This is similar to the circumstances and the same time frame discussed in Windley and is therefore, appropriate to deem that the Plaintiff has abandoned this litigation. Further, when the Plaintiff's application to re-open was granted, the Court specifically ordered "no extensions." See Docket Entry #37. Yet, Plaintiff Smith has continued to fail to prosecute this matter.

For the reasons set forth above, Defendants respectfully request that the Court deem Plaintiff to have abandoned the case pursuant to Federal Rule of Civil Procedure 41(b) and dismiss Plaintiff's Complaint with prejudice.

Application to dismiss for failure to prosecute is granted. Mr. Smith has not had contact with the Court for nearly 18 months. Moreover, he has not responded to the Court's June 2021 Order to Show Cause, in which Mr. Smith was warned that failure to respond to the Order could result in dismissal of his case. Therefore, for the reasons noted herein and in the Court's June 2021 Order, this case is dismissed without prejudice.

So Ordered.

9/8/21

**BENNETT BRICKLIN & SALTZBURG LLC**

By: *Joseph DeDonato*
Joseph DeDonato Esq.
Bar No. 2333037
Attorney for Defendants
Aramark Correctional Services, LLC, Manuel Mendoza, Donna Blackman, Westchester County, Joseph K. Spano, Leandro Diaz, Eric Middleton, Francis Delgrosso and Karl Vollmer
40 Wall Street, Suite 1002
New York, New York 10005
(646) 565 - 5043

cc:   Joseph L. Smith (per docket address)
      455 North Broadway
      Apt. #58
      Yonkers, NY 10701

      Joseph L. Smith (per Docket Entry #36)
      Orleans State Correctional Facility
      3531 Gaines Basin Rd.
      Albion, NY 14411-9199